# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SHEILA LAWSON, | ) | CASE NO. 4:18-cv-1771 |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | **MEMORANDUM OPINION AND ORDER** |
| JEFFERSON B. SESSIONS III, | ) | |
| DEFENDANT. | ) | |

P*ro se* Plaintiff Sheila J. Lawson has filed a fee-paid complaint in this action against the United States Attorney General alleging claims for retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA"). (Doc. No. 1.) Her complaint pertains to her efforts to obtain reinstatement of employment with the Federal Bureau of Investigation ("FBI") after she resigned her position in 2006. She seeks damages and reinstatement.

Plaintiff has filed prior lawsuits in this district alleging discrimination and retaliation under Title VII and the ADEA in connection with her efforts to obtain reinstatement with the FBI. In her prior cases, the plaintiff alleged that the FBI discriminated against her on the basis of her age and race when it failed to re-hire her, and that it retaliated against her by using a system of informants, electronic surveillance, and other criminal activity for the purpose of obstructing her ability to participate in EEO activities and her employment-discrimination actions. These lawsuits were both dismissed. *See Lawson v. United States Attorney Gen., et al.*, Case No. 4:17-cv-358, 2017 WL 2363012 (N.D. Ohio May 31, 2017); *Lawson v. Lynch, et al.*, Case No. 4:15-cv-2140, 2017 WL

979115 (N.D. Ohio March 14, 2017), *aff'd*, *Lawson v. U.S Attorney Gen., et al.*, No. 17-3514 (6th Cir. Apr. 5, 2018).

Plaintiff also filed prior lawsuits in this district against the City of Youngstown and over a hundred other defendants claiming wrongful termination, unlawful discrimination, and retaliation in connection with her discharge from her employment at the Youngstown Municipal Court. These lawsuits were likewise dismissed. *See Lawson v. City of Youngstown, et al.*, Case No. 4:16-cv-1057, 2016 WL 2868715 (N.D. Ohio May 17, 2016), *aff'd*, *Lawson v. City of Youngstown, et al.*, No. 16-3655 (6th Cir. Jan. 3, 2017); *Lawson v. City of Youngstown, et al.*, Case No.4:10-cv-2945 (N.D. Ohio Sept. 30, 2013).

The focal point of plaintiff's second retaliation and discrimination case against the City of Youngstown was her belief that the defendants, individually or in concert, covertly monitored her "via unauthorized surveillance and communications equipment" and "surreptitiously relay[ed] communications in order to stalk her" and disrupt her previously-filed employment discrimination lawsuit against the City and a separate criminal matter in which she was a defendant. *Lawson v. City of Youngstown,* 2016 WL 2868715, at *1. This Court dismissed the plaintiff's complaint *sua sponte*, finding her claims "patently conclusory, frivolous, and fanciful." *Id.* at *2. Additionally, this Court found her claims barred by *res judicata* to the extent she was attempting to relitigate the employment-discrimination claims that were dismissed in her prior lawsuit. *Id.* The Sixth Circuit Court of Appeals affirmed this Court's *sua sponte* dismissal of the plaintiff's complaint. *See Lawson v. City of Youngstown, et al.*, No. 16-3655 (6th Cir. Jan. 3, 2017).

In her present complaint, plaintiff again purports to allege retaliation claims under Title VII and the ADEA on the basis that the defendant covertly and illegally monitored and surveilled

her through electronic means for the purpose of thwarting her efforts to participate in her employment-discrimination lawsuits. (*See* Doc. No. 1 at ¶¶ 35-44.) She alleges that "[d]uring March 2017 through at least July 2017, Defendant interfered and hindered [her] and the District Court when fully identified DOJ and FBI employees colluded with fully identified individuals known to Plaintiff who all accessed the same unauthorized telephone number and internet web address to carry on discussions and surveillance that Plaintiff listened to 24/7." (*Id*. at ¶ 24.) Further, she alleges: "FBI employees and citizens interfered with [her] employment searches, every job application and potential employment setting," and "with the access codes . . . criminally eavesdrop[ped] and intrude[d] upon privacy and stole $22,000 from her Justice Federal Credit Union Account." (*Id*. at ¶¶ 25, 28.)

Although *pro se* pleadings are held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Federal district courts "may, at any time, *sua sponte* dismiss a [*pro se*] complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Just as this Court found in connection with plaintiff's prior complaint against the City of Youngstown, it now finds that the plaintiff's present complaint against the Attorney General warrants *sua sponte* dismissal. The central premise of her retaliation claims in this case is her belief that FBI and Department of Justice employees illegally and covertly monitored her through

electronic means in 2017 for the purpose of disrupting her participation in her employment discrimination lawsuits, and used electronic means to steal money from her and disrupt other efforts she made to find employment. This position is so totally implausible, attenuated, unsubstantial, and frivolous that *sua sponte* dismissal of her complaint is warranted pursuant to *Apple v. Glenn*. *See, e.g., Lawson v. City of Youngstown, et al*., No. 16-3655 (6th Cir. Jan. 3, 2017).

**Conclusion**

Accordingly, plaintiff's complaint in this case is dismissed for lack of subject-matter jurisdiction. The Court further certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

Dated: November 30, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**